UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| William Houghton,<br><br>　　　　Plaintiff<br><br>v.<br><br>Rancho Mesquite Casino, Inc. (d/b/a Eureka Casino Hotel),<br><br>　　　　Defendant | Case No.: 2:23-cv-00276-CDS-DJA<br><br>**Order Granting Motion to Consolidate Cases**<br><br>[ECF No. 6] |
| Michael Oldham,<br><br>　　　　Plaintiff<br><br>v.<br><br>Rancho Mesquite Casino, Inc. (d/b/a Eureka Casino Hotel),<br><br>　　　　Defendant | Case No.: 2:23-cv-00304-RFB-BNW |
| Kristin Andrew<br><br>　　　　Plaintiff<br><br>v.<br><br>Rancho Mesquite Casino, Inc. (d/b/a Eureka Casino Hotel),<br><br>　　　　Defendant | Case No.: 2:23-cv-00333-ART-VCF |

Plaintiffs William Houghton and Michael Oldham move to consolidate their two separate cases[1] into one. Mot. to Consolidate, ECF No. 6. Defendant Rancho Mesquite Casino's response supports consolidation of the two cases and seeks to also consolidate a third case filed in this district—*Kristin Andrew v. Rancho Mesquite Casino, Inc.*, 2:23-cv-333-ART-VCF. Resp., ECF No. 18.

## I. Legal standard

Federal Rule of Civil Procedure 42(a) governs the consolidation of cases. The rule provides that "[i]f actions before the court involve a common question of law or fact, the court may . . .consolidate the actions." Fed. R. Civ. P. 42(a). Consolidation permits district courts "to expedite the trial and eliminate unnecessary repetition and confusion." *DuPont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966). *See also Wilson v. Johns-Manville Sales Corp.*, 107 F.R.D. 250, 252 (S.D. Tex. 1985) (noting that the purpose of consolidation is to allow district courts "to manage their dockets efficiently while providing justice to the parties"). "The district courts have broad discretion under this rule to consolidate cases pending in the same district." *Investors Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). Additionally, as under Rule 42(a), this district's local rules allow the court to make a determination to consolidate actions sua sponte. LR 42-1(b). In determining whether to consolidate cases, the court should "weigh the interest of judicial convenience against the potential for delay, confusion[,] and prejudice." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010); *see also Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

## II. Discussion

The *Houghton* and *Oldham* cases involve common questions of law and fact concerning allegations brought against the same defendant, Rancho Mesquite Casino, Inc., d/b/a Eureka Casino Hotel, and share common central allegations related to a data breach of personal

---

[1] Houghton's case—*Houghton v. Rancho Mesquite Casino* (2:23-cv-00276-CDS-DJA)—was filed on February 22, 2023. And Oldham's case—*Oldham v. Rancho Mesquite Casino, Inc.* (2:23-cv-00304-RFB-BNW)—was filed five days later, on February 27, 2023.

identifying information and health-related information. *Compare* 2:23-cv-00276-CDS-DJA, Compl., ECF No. 1, *with* 2:23-cv-00304-RFB-BNW, Compl., ECF No. 1. Because the parties agree that consolidation may reduce delay and confusion, eliminate duplicative discovery and the possibility of inconsistent rulings on class certification, evidentiary motions, and other pretrial matters, I find that consolidation is appropriate.

In her complaint in the third case,[2] plaintiff Kristen Andrew alleges that the Eureka's network data breach resulted in unauthorized access to her sensitive personal data. *See* 2:23-cv-00333-ART-VCF, Compl., ECF No. 1. Considering that Andrew's case contains common questions of law and fact as *Houghton* and *Oldham*, I find nothing in the record that demonstrates that the parties would be prejudiced by including Andrew's case in the consolidation. All three matters have similar procedural postures, involve the same factual allegations, and present no conflicts of interest.

### III.     Conclusion

IT IS HEREBY ORDERED that the unopposed motion to consolidate **[ECF No. 6] is GRANTED**.

IT IS FURTHER ORDERED that Case No. 2:23-cv-00304-RFB-BNW—and, in the exercise of my discretion, Case No. 2:23-cv-00333-ART-VCF—are CONSOLIDATED with 2:23-cv-00276-CDS-DJA, which will serve as the lead case.

IT IS FURTHER ORDERED that the parties' request to change the caption is GRANTED. All future filings must be filed in the lead case only and bear the caption: "*In re: Eureka Casino Breach Litigation*."

IT IS FURTHER ORDERED that when a pleading is intended to apply to all actions to which this order applies, the words "All Actions" must appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the docket number for each individual action to which the paper is intended

---

[2] This case was filed on March 2, 2023.

3

to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption identified above (*e.g.*, 2:23-cv-00304 ("Oldham")).

IT IS FURTHER ORDERED that any parties seeking to consolidate other cases that arise out of the same or similar operative facts and are filed in, transferred to, or removed to this district, must comply with LR 42-1(b) by filing and serving a motion to consolidate in each of the pending lawsuits that the party seeks to have consolidated.

IT IS FURTHER ORDERED that plaintiffs must file a consolidated amended complaint no later than 30 days after the entry of an order appointing interim class counsel or other designated counsel.

IT IS FURTHER ORDERED that any response to the consolidated amended complaint is due within 30 days of its filing. All prior response deadlines are vacated. Should defendant choose to file motions to dismiss, the parties must comply with LR 7-2. Any opposition to motions to dismiss must be filed and served within 30 days of its filing. Any reply brief must be filed and served within 14 days.

IT IS FURTHER ORDERED that interim lead counsel must serve a copy of this order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for plaintiffs in any related action to the extent that interim lead counsel are aware of any such actions and on all attorneys for plaintiffs whose cases may be subsequently consolidated with the above actions, but who have not yet registered for ECF.

The Clerk of Court is directed to file this order in each of the three consolidated cases.

DATED: March 24, 2023

_____
Cristina D. Silva
United States District Judge

_____
Richard F. Boulware, II
United States District Judge

_____
Anne R. Traum
United States District Judge